May it please the court, Shane Kennedy for the appellant Miranda May Flowers. I also have with me at counsel's table Robert Bundy. I'd like to go ahead and reserve two minutes for rebuttal. Thank you. This case comes down to one incredibly important factor, and that is that wire fraud is a specific intent crime. It requires the jury to find beyond a reasonable doubt that the defendant had this specific intent to defraud. Our primary contention on appeal is that the district court's jury instructions on the whole did not adequately guide the jury such that they made this specific intent finding. The government had to prove four factors beyond a reasonable doubt for wire fraud. The two that are important here is one, a knowing participation in a scheme to defraud, and two, that the defendant acted with a specific intent to defraud, that is deceive or cheat. It's not enough that the defendant knowingly participated in a scheme. She must have had the contemporaneous specific intent to defraud. This brings us to the main error that the district court committed in this case, and that is in looking at the jury instructions as a whole, specifically in denying Miranda's good faith theory of the defense instruction, and instead giving a deliberate indifference instruction, the jury instructions were inadequate to guide the jury to find specific intent, such that Miranda was likely convicted of a general intent crime here. I want to touch briefly on the lens that this court should be looking at this issue through. It's our contention here that the district court, the instructions were confusing. The jury did not get adequate instructions. This is a de novo review, not an abuse review. Ninth Circuit precedent is plain that defendants are entitled to a theory of the case jury instruction if it's supported by the evidence and the law. It's clear that good faith is a defense to wire fraud. It's clear that Miranda's theory at the district court was that she had a good faith belief that the items were stolen, and that she requested this instruction. It's also true that the district court is not required to give a good faith instruction if it properly instructs the jury as to the specific intent nature of the crime. Though the district court did give a specific intent instruction, it's our contention that the subsequent deliberate indifference instruction negated the effectiveness of the specific intent instruction. Can we assume from the jury's findings that your client removed these items from her own house, put them in a storage facility, and then claimed they were stolen? We do presume that the jury follows the instructions and that the evidence was presented. However, it's our point here that you still have to have that specific intent finding, and if the instructions didn't adequately guide the jury, we don't know what the jury found when it comes to specific intent. The general rubric in a criminal appeal is we assume that the facts in the light most favorable to the prosecution because there's been a conviction. So my question is, didn't the jury necessarily find that your client removed these items from her own house, put them in a storage facility, and then later claimed that her house had been burglarized and these items were stolen? I don't know if we can... Whatever she may have been thinking. Those are the facts, aren't they? My response to that is that the only piece of evidence tying Miranda to the actual removal of the items was Mr. Booker's testimony. And it's our contention that his testimony should not be believed by any rational fact finder. He admitted that he had a marijuana problem. He admitted that he smoked marijuana on the day the items were removed. And his testimony was inconsistent when it came to those actual... We heard all of that. I understand. And the video surveillance. And the video... It's really not dependent on his impaired marijuana brain, right? Well, I don't necessarily agree with that because the video was not clear. The government admitted it wasn't clear. The police admitted it wasn't clear. Mr. Booker's testimony was crucial to tying her to that video. And it comes back to the fact that the court gave the specific intent instruction at number 10. And when it offered this instruction during the discussions with the litigants, Miranda actually objected to this and said, if you're going to give this instruction, at least include the words, with intent to defraud. The district court was initially warm to this idea but ultimately chose to use the words, with regard to the first element of the wire fraud charges. It's clear what she was trying to do, which was tie it back. It didn't go far enough here. Let me understand your argument. You acknowledge that a good faith instruction is not required where specific intent is appropriately instructed, correct? Correct. But then you're saying that the specific intent instruction is infected because it tied back to the specific element in the wire issue and the willful blindness somehow muddied the waters. Is that a fair? No, I think it's more the specific intent, sorry, the deliberate indifference instruction, what the district court was trying to do was tie it back. I don't think what she did was enough. And that was my point with Miranda's argument was, look, at least make it clear the jury still has to find specific intent here. And the reason that is is because you had the element instruction was given and then the district court went through each count. So you had 14 counts in detail, right? And then she got to the definition of each of the elements. And it's my point that I don't think the jury was clearly understanding how to tie everything back to where it was supposed to go. That's a kind of an editing, a re-editing of the instructions at this phase. And it seems to me that if a willful blindness instruction was appropriate, then what you're really quibbling about is that there is not enough specific language to connect it to which specific intent. And it seems to me on the kind of review we're doing here that that would fall into abuse of discretion, not de novo, wouldn't it? I don't think so. I mean, what it comes down to is by giving instructions the way the court did, our concern is that the jury didn't make a specific intent finding. And by saying that's an abuse standard, you're presuming that that's some sort of factual issue here. And I guess our point is almost to the extreme where when you have specific intent cases, I think the instruction needs to be far more clear regarding the fact that the jury still has to make that specific intent finding, regardless of their finding on deliberate indifference with the knowing element. But counsel, here in this case, if I understand the chronology, she reported or the theft was reported, she said I was here the day before and everything was normal. But then the video shows the furniture being loaded the day before that. So couldn't the jury just, in any fraud case, there's plenty of evidence here for the jury to think she was lying about what happened. I guess I'm trying to understand how this is different from this typical fraud case where these are instructions that are given and the Ninth Circuit has upheld them again and again and again. Why is this case different from those cases? It's not necessarily that the Ninth Circuit hasn't upheld those instructions. I wasn't able to find a case where they specifically discussed the issue we've raised here, which is the fact that you have the instructions given the way that they were given, the fact that the government didn't bring this theory at all in its case in chief, and the fact that you had two defendants, it was already a confusing posture as it was. That is why we contend that the construction should have been much more clear regarding a jury. Was there a motion to sever filed in this case? I don't believe so. You want to save the remaining time? Actually, I do, but I want to make one more quick point and I'll save what's left. I do want to take a moment and clear something up in our briefing. In my preparation, it came to my attention that we cited this Court's decision in Murrieta-Begiarno, which is 552 F. 2nd, 1323. We did note that that case was overturned on other grounds by Heredia. However, Heredia in footnote 16 actually specifically disapproved of the language that we cited it for. I apologize. That should not have been included in our briefing, and I want to withdraw. I'll let you accept it, and thank you for bringing it to our attention.  My name is Kelly Cavanaugh. I'm an assistant United States attorney here in Anchorage, and I represent the United States of America. May it please the Court. The evidence at trial was overwhelming to convict Miranda Flowers of a scheme to defraud State Farm Insurance with her husband, Arnold Flowers. She was an active participant in the scheme. She was involved in the moving of the items from the house on January 17th. She also made two statements, one to a State Farm Insurance investigator and also later to an Anchorage police officer, that she'd actually been at the home on January 18th and been inside the home, and everything was fine at the time. She later changed that statement at trial when she testified, where she claimed then that her husband actually had been at home and told her everything was fine. The difference between when she made the statement at trial and when she made the statement to the two investigators is she didn't know that she'd been seen on videotape moving stuff into the storage unit on January 17th. So she had to change her story at trial to fit her theory of defense. The District Court was well within its discretion to give the good-faith jury instruction. Here, the jury was properly instructed on the definition of specific intent. The District Court was also within its discretion to give the deliberate ignorance jury instruction, particularly given the testimony of Arnold Flowers and also Miranda Flowers regarding her knowledge. Her whole defense was that her husband was the one who had ran this scheme and that she was an unknowing or unwitting participant in the scheme. It doesn't eliminate the mens rea. It's an alternative theory to mens rea. It's a proper instruction where a defendant has disputed their actual knowledge or intent to commit the crime, and that's actually what happened here is that Ms. Flowers put this theory in play for the District Court with her theory of defense. In addition, given the overwhelming evidence of Ms. Flowers' involvement in the scheme to defraud, we think the deliberate ignorance instruction was harmless error. So I have any questions you have for me, I'm happy to answer. It appears not. Thank you. I don't have any further comments.
judges: Hawkins, McKeown, Owens